UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10726-GAO

ELIZABETH TREMBLAY,
Plaintiff,

v.

RICHARD KNIGHT, et al.,
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

**I.  Background**

Pro se litigant Elizabeth Tremblay has filed a complaint against her parents, Richard Knight and Cecilia Knight.  The plaintiff provides Connecticut addresses for all parties.  She represents that her parents signed a will which provides that her brother will inherit the parents' home in Connecticut.  According to Tremblay, she should receive at least a half-interest in the property.  The plaintiff provides numerous alleged examples of her mother's unfair and destructive conduct towards Tremblay and her children.  Tremblay attached to the complaint a record of the 2007 conveyance of real property from the defendants to Richard Knight, with the parents reserving a life estate in the premises.

In her complaint, Tremblay does not identify her cause of action or the basis or the Court's jurisdiction over this mater.  On the civil cover sheet, she indicates that the basis of the Court's jurisdiction is diversity, and that both the plaintiff and defendants are citizens of other

states.   In the same document, the plaintiff describes her cause of action as one for "Probate Protest of Will," and she states that she is seeking "Half of House."

**II.     Discussion**

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).   "Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but rather, must appraise their own authority to hear and determine particular cases."   Calderon-Serra v. Wilmington Trust Co., 715, F.3d 14, 17 (1st Cir. 2013) (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998)).   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").   Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity of citizenship.   See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).   Complete diversity of citizenship does not exist where any defendant and any plaintiff are citizens of the same state.   See id.   "For purposes of diversity, a person is a citizen of the state in which he is domiciled."   Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008).

Here, there is no basis for this Court to exercise subject matter jurisdiction over Tremblay's action.   Subject matter jurisdiction does not exist under § 1331 because the plaintiff does not raise any claims under federal law.   Although, in the cover sheet, Tremblay refers to

2

the Court's subject matter jurisdiction under § 1332, her claim does not meet the diversity of citizenship requirement of this statute.   Tremblay represents that all parties reside in Connecticut and there is no indication that they are domiciled elsewhere.

## III.   Conclusion

Accordingly, this action is DISMISSED for lack of subject matter jurisdiction.   The motion for leave to proceed in forma pauperis will be terminated as moot.

SO ORDERED.

| | |
|---|---|
| 4/26/2016 | /s/ George A. O'Toole, Jr. |
| DATE | GEORGE A. O'TOOLE, JR. |
| | UNITED STATES DISTRICT JUDGE |